

P.O. Box 55004
Irvine, CA 92619
888.504.6700 toll free
949.341.2200 fax
www.rushmorelm.com

June 25, 2014

CHRISTINE M BENNETT
319 COMMONWEALTH AVE
ERLANGER, KY 41018

Re: Rushmore Loan Management Services LLC Loan #: xxxx3813

Attached please find the Forbearance Agreement discussed between you and your Loss Mitigation representative from Rushmore Loan Management Services LLC. Please sign the Agreement and return it in the overnight package provided. Your initial payment of **$12,500.00 must be in certified funds payable to Rushmore Loan Management Services LLC**. The funds must be received within 14 days of delivery date at the below address:

Rushmore Loan Management Services LLC
15480 Laguna Canyon Road, Suite 100
Irvine, CA 92618
Attn: Home Retention Department

** Please note that the initial payment(s) and executed documents must be received within 14 days of delivery date. If the Agreement and initial payment are not received by that date, this offer will be rescinded. Future payments during the plan will be made to Rushmore Loan Management Services LLC per instructions on page 2, section 3 in the Agreement.

If you are currently involved in an active bankruptcy, or have been previously discharged from a bankruptcy, please be advised that this letter does not in any way mean that Rushmore Loan Management Services LLC or anyone acting on its behalf is attempting to hold you personally liable for the loan. Notwithstanding the foregoing, please be advised that the mortgagee/beneficiary retains certain rights, including but not limited to the right to foreclose its lien against the Subject Property under appropriate circumstances.

Rushmore Loan Management Services LLC is attempting to collect a debt and any information received will be used for that purpose.

**Advice to Consult with Counsel.**

YOU ARE STRONGLY ENCOURAGED TO CONSULT WITH YOUR OWN LEGAL COUNSEL TO DETERMINE THE LEGAL EFFECT OF THE ENCLOSED AGREEMENT.

If you wish to reinstate or pay-off your loan, or have any questions regarding the Forbearance Agreement please contact Rushmore Loan Management Services LLC directly at 1-888-504-7300.

Sincerely,

Rushmore Loan Management Services LLC



**EXHIBIT A**

ADDITIONAL STATE SPECIFIC NOTICES

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

The following notice applies to California residents only:

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may call another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may call the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

The following notice applies to Colorado residents only:

Please note: a consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

For information about the Colorado Fair Debt Collection Practices Act, see www.ColoradoAttorneyGeneral.gov/ca. Please be advised that you can reach the Colorado Foreclosure Hotline at 1-877-601-HOPE.

If you have any questions regarding this letter, please contact:

Irvin Borenstein
13111 E. Briarwood Ave. Ste 340
Centennial, CO 80112
Phone: 303-309-3839

The following notice applies to Massachusetts residents only:

Notice of important rights: you have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the creditor.

# SHORT TERM FORBEARANCE AGREEMENT

Date: June 25, 2014
Borrower:[1] CHRISTINE M BENNETT
Lender or Servicer ("Servicer"): Rushmore Loan Management Services LLC
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): July 25, 2007
Loan Number: ~~7600~~3813
Property Address ("Property"): 319 COMMONWEALTH AVE, ERLANGER, KY, 41018
VA Case # :

The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. **This Agreement will not take effect unless the preconditions set forth in paragraph 3 have been satisfied.**

Whereas, a certain Promissory Note was executed and delivered by Borrower CHRISTINE M BENNETT, in the original principal amount of $115,090.00 secured by a Mortgage, Deed of Trust or other Security Instrument of even date therewith on the Property referenced above;

Whereas, Servicer is authorized on behalf of the owner and holder of said Promissory Note to enforce the terms of the Loan Documents and agree to this Agreement;

Whereas, Borrower(s) are in default in the payment of monthly installments of principal, interest, escrow and/or other payments called for under the Loan Documents and when payments due under this agreement resume on August 1, 2014, the loan will be due for payments and additional expenses authorized under the Loan Documents totaling $60,889.93 below as set forth below:

| | | |
|---|---|---|
| 1. | Unpaid monthly payments from June 1, 2009 through July 1, 2014 | $58,010.92 |
| 2. | Late Charges: | $262.01 |
| 3. | NSF Charges: | $0.00 |
| 4. | Negative Escrow Balance after payments applied: | $0.00 |
| 5. | Foreclosure Legal Fees: | $2,435.00 |
| 6. | Other Legal Fees: | $0.00 |
| 7. | Corporate Advances: | $170.50 |
| 8. | Costs and Advances (inspections, etc.): | $11.50 |
| 9. | Credit (suspense/partial payment) Balance: | $0.00 |
| | **TOTAL PLAN ARREARS** | **$60,889.93** |

Borrower's non-default regular monthly payments of principal and interest plus escrow for taxes and insurance for the period of the Forbearance Agreement will become due. Regular payments from August 1, 2014 through January 1, 2015 totaling $5,613.96 will become due during the term of this Agreement and are not accounted for in the schedule of arrearage items outlined above.

And

Whereas, Servicer has the right to commence or continue foreclosure proceedings to foreclose on the Property which serves as security for the Loan Documents; and

---

[1] For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Whereas, Borrowers are experiencing a financial hardship, and as a result, are in default under the Loan Documents or default is imminent and have requested Servicer's forbearance in exercising its rights and remedies under the default provisions of the Loan Documents and in proceeding with any pending foreclosure;

Whereas, Servicer is willing to forbear exercising its rights and remedies in proceeding with the pending foreclosure, but only upon the terms set forth herein:

NOW, THEREFORE, in consideration of the promises and mutual covenants herein contained, the parties hereto agree as follows:

1. Servicer's Forbearance. Servicer shall forbear from exercising any or all of its rights and remedies presently existing or arising pursuant to the loan Documents and in the pending foreclosure during the term of the Forbearance Agreement as set forth in this Agreement, provided, that as a condition to said continued Forbearance by the Servicer there exists no event of default as such term is defined herein at paragraph 4.

2. Borrower(s)' Admissions: Borrower(s) understand that Lender has offered a Short Term Forbearance. This plan will not cure the loan default. Only upon successful completion of this plan will the lender then review the loan for a final Loss Mitigation alternative which may fully cure the loan default. Borrower(s) understand that Servicer reserves the right to request new financial documentation upon the completion of this plan and that the final decision on that additional Loss Mitigation consideration is independent of this Short Term Forbearance approval.

3. Short Term Forbearance:

   a) All payments shall be made in certified funds, money order, cashier's check, electronic transfer, Western Union Quick Collect or other form of verified funds guaranteeing immediate payment.

   b) Borrower will pay the initial sum of **$12,500.00** within 14 days of delivery date, the timely payment of which is a condition precedent to the effectiveness of this Forbearance Agreement.

   c) Payments under the Agreement shall be paid in 6 monthly installments of **$1,250.00** each. Said payments are to be received on or before the 1st day of each month commencing **August 1, 2014**, and continuing through and including **January 1, 2015**. Borrower(s) acknowledge that said installment amount may include some or all of the nondefault regular payments due under the Loan Documents. All payments are to be paid to Rushmore at the following address:

   **Rushmore Loan Management Services LLC**
   **15480 Laguna Canyon Rd, Suite 100**
   **Irvine, CA 92618**
   **Attention: Home Retention Department**

   Borrower(s) understand that said regularly scheduled monthly payments may be subject to change due to escrow or interest adjustments.

   d) Any payment not made strictly in accordance with this Agreement shall not be considered to have been received by Servicer, although Servicer may, in its discretion, decide to accept any non-conforming payment.

4. Default. If Servicer does not receive any payments required as specified herein on the due date thereof in the amount stated above, or in the event that Borrower(s) otherwise default under any of the terms of this Agreement or the Loan Documents, then the Servicer shall be permitted to exercise any or all rights and remedies provided for in the Loan Documents, including, but not limited to, immediate commencement or continuation of a foreclosure action. In the event of Borrower(s)' default, all monies paid to Servicer under this Agreement shall be non-refundable.

All postponements after the execution of this Agreement of any Trustee's or Sheriff's Sale pursuant to a foreclosure action, whether commenced during the Forbearance Agreement period or commenced prior thereto, shall be considered a postponement by mutual agreement of the parties. In the event of a default, Borrower(s) understand that the Property may be sold at a foreclosure sale for the unpaid balance of the monies due under the Loan Documents and this Agreement at the earliest available date.

5. Bankruptcy. If Borrower(s) filed a bankruptcy petition and there is either an "automatic stay" in effect, or if Borrower(s) received a discharge from the Bankruptcy Court of his/her/their personal liability under the Note, Lender agrees and Borrower(s) acknowledge as follows: (i) Lender will not pursue collection of any discharged obligation from Borrower(s) personally, (ii) this Agreement is not intended as a demand for payment, (iii) unless the Bankruptcy Court has ordered otherwise, Lender continues to retain whatever rights Lender holds in the Property, despite Borrower(s)' bankruptcy filing; and (iv) this Agreement does not constitute a "reaffirmation agreement" as that term is defined in the United States Bankruptcy Code, 11 U.S.C. Section 524(c).

**Additional Agreements.** Borrower(s) agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that Borrower(s) previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including Borrower(s)' agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of the Loan Documents.

D. No Waiver. By entering into this Forbearance Agreement, Servicer shall in no way be considered to have waived or have been stopped from exercising any or all of its rights or remedies under the Loan Documents. Nothing contained herein shall constitute a waiver of any of the Servicer's rights or remedies pursuant to the Loan Documents or at law or equity, including, but not necessarily limited to, the right to commence or resume a foreclosure action. An acceptance of any monies by Servicer shall not be deemed an estoppel, prejudice or waiver of Servicer's rights to proceed with or resume foreclosure.

E. Status of Default. The parties acknowledge that the Borrower(s) have been notified of their default under the Loan Documents. In the event of Borrower's default pursuant to the terms of this Agreement, the premises may be sold at a foreclosure sale for the unpaid balance of the monies due Servicer at the earliest available date.

F. Limited Modification. Except as modified herein, the Loan Documents are ratified and confirmed and shall remain in full force and effect. If Borrower(s) are responsible for paying taxes and insurance on the premises, said obligation remains. Any default in maintaining the taxes or insurance, or breach of any other terms or conditions of the mortgage, is deemed to be a material breach of this Agreement, permitting the Servicer to exercise any available remedies available, including an immediate foreclosure sale of the Property. The Borrower(s) also acknowledge that this agreement does not waive the accrual of late charges, and that the delinquency of the loan under the terms of the Loan Documents may continue to be reported to the credit reporting agencies as long as any delinquency remains.

G. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

H.   That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by,

this Agreement, the Servicer and Borrower(s) will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

I.   Assignment by Borrower(s) Prohibited. This Agreement may not be assigned by Borrower(s).

J.   That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Servicer's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Forbearance Program.

K.   That Servicer will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of this Agreement by Servicer to (i) the U.S. Department of the Treasury, (ii) any regulatory agency, state or federal (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s).

L.   Reinstatement. In the event Borrower(s) cure the monetary default pursuant to the Loan Documents as set forth herein by satisfying the arrears and making all the subsequent payments identified as they become due, and are current with the payments then due, and if no event of default otherwise exists under the Loan Documents and this Agreement, Servicer shall reinstate the Note and Security Instrument according to its original terms and conditions. Borrower(s) acknowledge that due to adjustments which periodically occur to tax and insurance payments, and in interest rates on adjustable rate mortgages over the course of a plan, it is likely that some adjustment to the regular payments may occur which could impact the reinstatement of Borrower(s)' account. The Borrower(s) acknowledge that this may occur and that an adjustment may be necessary to the payment amount required by this Agreement. Should such an adjustment be necessary, reinstatement shall not be complete until Borrower(s) have paid any additional amounts so required.

In Witness Whereof, the Lender and I have executed this Agreement.

Servicer: Rushmore Loan Management Services LLC

By: _____          _____
Title:                                                                  CHRISTINE M BENNETT
Date:                                                                   Date: